IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>ANDRE L. TURNER   )<br>  Defendant.   )<br>_____ ) | Cr. No. 3:08CR488 |

**DEFENDANT'S SUPPLEMENTAL POSITION WITH RESPECT TO SENTENCING**

COMES NOW the defendant, Andre Turner, by counsel, and submits this supplemental position on sentencing as an additional reason why the court should grant a downward variance in this matter.  This additional ground for a sentence variance is based on cocaine sentencing disparity issues.  Mr. Turner submits that a sentence of 180 months on both counts would be sufficient to fulfill all of the sentencing objectives of 18 U.S.C. § 3553(a), especially considering that the guideline range for an equivalent amount of powder cocaine would be 70-87 months.

<u>Argument</u>

After *United States v. Booker*, 543 U.S. 220 (2005), the Federal Sentencing Guidelines are advisory and courts of appeals review sentences for reasonableness. *See United States v. Hughes*, 401 F.3d 540, 546-47 (4th Cir. 2005).  In *Rita v. United States,* 127 S.Ct. 2456 (2007), the Supreme Court stated that a district court should begin all sentencing proceedings by correctly calculating the applicable Guideline range.  The district court must then consider all of the factors listed in § 3553(a) and determine if they support the sentence requested by a party. "In so doing, he may not presume that the Guidelines range is reasonable." *Gall v. United States*, 522 U.S. ____, 128 S.Ct. 586 (2007) (citing, *Rita).* "It has been uniform and constant in the

1

federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Id*. (citing *Koon v. United States*, 518 U.S. 81, 113 (1996)).

In this case, the offense level for Mr. Turner offenses as a 31 after a 3 level reduction for acceptance of responsibility. His criminal history category is IV, resulting in a guideline-suggested sentence range of 151-188 months. However, the guideline range is unreasonable when balanced with the sentencing factors in § 3553(a), since the guidelines are driven by the unjust and inexplicable sentencing disparity between crack and powder cocaine. If instead of a 100:1 ratio of powder to crack cocaine, there was a 1:1 ratio, Mr. Turner's adjusted offense level would be a 23 resulting in a range of 70-87months. As such, Mr. Turner submits that a sentence at the mandatory minimum of 180 months – more than two times higher than the low end of the guideline range for powder cocaine would be a sentence that is clearly sufficient and greater than necessary to satisfy all 3553(a) factors.

**The Court has the Authority to Impose a Sentence below the Recommended Guideline Range Based on the Disparity between Crack and Powder Cocaine in the Guidelines**

In *Kimbrough v. United States*, the Supreme Court ruled that "the cocaine Guidelines, like all other Guidelines, are advisory only." 128 S. Ct. 558, 560 (U.S. 2007). The Court also stated in *Kimbrough* that "[g]iven the Commission's departure from its empirical approach in formulating the crack Guidelines and its subsequent criticism of the crack/powder disparity, it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve

§3553(a)'s purposes, even in a mine-run case." *Id.* In *Spears v. United States,* 129 S. Ct. 840, 841 (U.S. 2009), the Supreme Court upheld the decision made by the 8th Circuit which stated that:

> a sentencing court may nonetheless vary downward from the advisory guideline range. The court may do so based solely on its view that the 100-to-1 ratio embodied in the sentencing guidelines for the treatment of crack cocaine versus powder cocaine creates 'an unwarranted disparity within the meaning of 3553(a),' and is 'at odds with § 3553(a).' The only fact necessary to justify such a variance is the sentencing court's disagreement with the guidelines - its policy view that the 100-to-1 ratio creates an unwarranted disparity."

*Id.* (citing, *Spears v. United States,* 533 F.3d 715, 719 (8th Cir. 2008)).

In these opinions, the Supreme Court asserted that the non-empirical nature of the crack sentencing guidelines justifies reduced sentences and downward variances from the restrictive sentencing guidelines. Accordingly, this Court should impose a below-guideline sentence.

**Recent Legislation Shows that Congress is Heeding the Advice Given by the United States Sentencing Commission to Remove the Disparity between Crack and Powder Cocaine**

For almost 15 years, the United States Sentencing Commission has been asking Congress for changes in crack cocaine sentencing guidelines and mandatory minimum thresholds, stating that the ratio between powder and crack cocaine is unjustifiable, and that this disparity in sentencing contradicts sentencing objectives instead of advancing them.[1] In 2007, the Sentencing Commission put in place an amendment in the Guidelines that lessened the penalty. However, it

---

[1] *See*, e.g., *USSC, Report to Congress: Federal Cocaine Sentencing Policy (May 2007).*

is outside the power of the Sentencing Commission to amend the policy that was instituted in the Anti-Drug Abuse Act of 1986.

Now, it appears that Congress is taking note. Recently, the Fairness in Cocaine Sentencing Act passed through the House Judiciary subcommittee on Crime, Terrorism, and Homeland Security and through the House Judiciary Committee. It will soon be considered by the entire House of Representatives. This statute, if passed, would equalize the punishment for crack and powder cocaine, and would eliminate the 100:1 crack/powder punishment ratio.

## **Conclusion**

Mr. Turner faces a mandatory minimum sentence of fifteen years of incarceration. This is a very substantial sentence that he must serve. A fifteen year sentence would serve all the purposes of § 3553(a) by imposing a sentence that reflects the seriousness of Mr. Turner's offenses and takes into account the history and characteristics of Mr. Turner.

For the reasons stated above, and those previously argued, Mr. Turner asks this Court to impose a sentence of 180 months.

Respectfully submitted,
Andre Turner

By: _____/s/_____
Maria Jankowski
VA Bar No. 47495
Law Office of Maria Jankowski
104 North 19th Street
Richmond, Virginia  23223
804.343.0112
804.643.5906 (fax)
Mariajankowski@hotmail.com

## CERTIFICATE OF SERVICE

    I hereby certify that on the 27th day of October, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following: Michael Jagels, Assistant United States Attorneys.  Also, a copy of the filing was emailed to Jane Clark at the United States Probation Office.

                                         /s/
                               Maria Jankowski
                               VA Bar No. 47495
                               Law Office of Maria Jankowski
                               104 North 19th Street
                               Richmond, Virginia  23223
                               804.343.0112
                               804.643.5906 (fax)
                               Mariajankowski@hotmail.com